THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC., a California corporation <br><br> Plaintiff, <br><br> v. <br><br> MIRIAM S. GHANIWALA, an individual, d/b/a THE TIP d/b/a THE TIP CLOTHING; THE TIP CLOTHING, INC., an Illinois corporation not in good standing, d/b/a THE TIP d/b/a THE TIP CLOTHING; and DOES 1-10, <br><br> Defendants. | Case No. <br><br> FILED: JULY 11, 2008 <br> 08CV3943 <br> JUDGE KENDALL <br> MAGISTRATE JUDGE COX <br> EDA |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Lifted Research Group, Inc., a California corporation ("LRG") sues Defendants, Miriam S. Ghaniwala, an individual, d/b/a The Tip d/b/a The Tip Clothing ("Ghaniwala"); The Tip Clothing, Inc., an Illinois corporation not in good standing, d/b/a The Tip d/b/a The Tip Clothing ("The Tip Clothing"); and Does 1-10, (collectively the "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2.      Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the Defendants conduct substantial business within this Judicial District and a substantial portion of the acts giving rise to LRG's causes of action occurred within this Judicial District.

503221.1

3. This Court has personal jurisdiction over the Defendants because each named Defendant resides and/or conducts substantial business activities and engages in the commission of tortious acts within this Judicial District.

## THE PARTIES

4. LRG is a corporation duly organized under the laws of the State of California with its principal place of business in the United States located at One Capital Drive, Lake Forest, California 92630. LRG is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality apparel products under multiple famous common law and Federally registered trademarks including those identified in Paragraph 9 below.

5. Ghaniwala is an individual who, upon information and belief resides at 6331 North Fairfield, Unit 103, Chicago, Illinois 60659, and The Tip Clothing is an Illinois corporation not in good standing, with a principal place of business located at 321 East 47th Street, Chicago, Illinois 60653. Each named Defendant conducts business within this jurisdiction at least at 321 East 47th Street, Chicago, Illinois 60653. Ghaniwala and The Tip Clothing are the moving and conscious forces behind the operation of the business using the aliases "The Tip" and "The Tip Clothing."

6. Upon information and belief, the Defendants are not infants, incompetent or on active status with any branch of the United States Armed Services.

7. Upon information and belief, all Defendants are personally and actively (i) engaging in, (ii) conspiring with each other to engage in, (iii) inducing others to engage in, or (iv) contributing to others' engagement in the advertisement promotion and sale of products using counterfeits and/or infringements of LRG's common law and Federally registered

503221.1

trademarks at least within this Judicial District.

8. LRG is presently unaware of the true names of Defendant Does 1-10. LRG will amend this Complaint upon discovery of the identities of such Defendants.

## COMMON FACTUAL ALLEGATIONS

9. LRG is the owner of all rights in and to the following trademarks (the "LRG Marks') which are valid and registered on the Principal Register of the Untied States Patent and Trademark Office:

| Mark | Reg. No. | Reg. Date |
| --- | --- | --- |
| LIFTED RESEARCH GROUP | 2,513,951 | December 4, 2001 |
| L R G | 2,633,832 | October 15, 2002 |
| [kite logo] | 2,958,307 | May 31, 2005 |
| [tree logo] | 2,506,859 | November 13, 2001 |

Additionally, LRG is the owner of United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright"). LRG's ownership and registration of the LRG Copyright precedes the Defendants' infringement as alleged herein.

10. The LRG Marks and LRG Copyright have never been assigned or licensed to any of the Defendants, and no Defendant has ever had the right to use any of the LRG Marks or the work protected by the LRG Copyright for any purpose.

11. The LRG Marks are used in connection with the manufacture and distribution of, among other things, high quality apparel products.

12. The LRG Marks have never been abandoned and have each been used on a continuous basis in interstate commerce to identify and distinguish LRG's high quality goods since at least the date of first use in commerce identified in each individual Registration.

503221.1

13. The LRG Marks are symbols of LRG's quality, reputation, and goodwill.

14. Further, LRG has expended substantial time, money and other resources developing, advertising and otherwise promoting the LRG Marks and the LRG Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

15. LRG has extensively used, advertise and promoted the LRG Marks in commerce in the United States in association with the sale of high quality goods and has carefully monitored and policed the use of the LRG Marks.

16. As a result of LRG's efforts, members of the consuming public readily identify merchandise bearing the LRG Marks as being high quality merchandise sponsored and approved by LRG.

17. The LRG Marks have achieved secondary meaning as an identifier of high quality goods as a result of LRG's advertisement, promotion and sale of high quality goods thereunder.

18. At all times relevant hereto, the Defendants in this action had full knowledge of LRG's ownership of the LRG Marks and the work protected by the LRG Copyright, including its exclusive right to use and license the such marks and copyrighted work and the goodwill associated therewith.

19. LRG has discovered the Defendants are promoting and otherwise advertising, distributing, offering for sale and/or selling products in commerce, including at least apparel products, bearing marks which are exact copies of the LRG Marks and the work protected by the LRG Copyright (the "Counterfeit Goods").

20. Specifically, the Defendants imported, advertised, offered for sale, and/or sold at least six types of apparel products, shirts, pants, jackets, sweatshirts, jeans and shorts, using

503221.1

counterfeits of various LRG Marks which are protected by four federal trademark registrations owned by LRG.

21.     The Defendants' Counterfeit Goods are of a quality substantially different than that of LRG's genuine goods.

22.     Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, the Defendants are actively promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by LRG.

23.     The net effect of the Defendants' actions will be to result in the confusion of the relevant trade and consumers, both at the time of the sale and in a post-sale setting, who believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by LRG.

24.     The Defendants advertise their Counterfeit Goods for sale to the consuming public.  In advertising these products, the Defendants use LRG's Marks.  The Defendants also reproduce, distribute, use, offer to sell and sell copies of the work protected by the LRG Copyright.  The Defendants have misappropriated LRG's advertising ideas and entire style of doing business with regard to the advertisement and sale of LRG's genuine products.  Upon information and belief, the misappropriated LRG's advertising ideas in the form of LRG's Marks and copyrighted work has occurred, in part, in the course of the Defendants' advertising activities and has been the proximate cause of damage to LRG.

25.     The Defendants are conducting their counterfeiting and infringing activities at least within this Judicial District and elsewhere throughout the United States.  As a result, the Defendants are defrauding LRG and the consuming public for the Defendants' own benefit.  The

503221.1

Defendants' infringement and disparagement of LRG does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

26. The Defendants' use of the LRG Marks and the work protected by the LRG Copyright, including the promotion and advertising, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without LRG's consent or authorization.

27. Further, the Defendants are likely engaging in the above-described illegal counterfeiting and infringing activities knowing, maliciously and intentionally, or with reckless disregard or willful blindness to LRG's rights with the intent of trading on the goodwill and reputation of LRG.

28. If the Defendants' counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, LRG and the consuming public will continue to be damaged.

29. The Defendants' above identified counterfeiting and infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade.

30. Moreover, the Defendants' wrongful use of the LRG Marks and the work protected by the LRG Copyrighted is likely to create a false impression and deceive customers, the public, and the trade into believing a connection or association exists between LRG's genuine goods and the Defendants' Counterfeit Goods.

31. LRG has no adequate remedy at law.

32. LRG is suffering irreparable injury and damages as a result of the Defendants' unauthorized and wrongful use of the LRG Marks and the work protected by the LRG Copyright.

503221.1

33. The injuries and damages sustained by LRG are directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell and sale of their Counterfeit Goods.

34. LRG has retained the undersigned counsel to represent them in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I – TRADEMARK COUNTERFEITING AND INFRINGEMENT

35. LRG hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

36. This action is for trademark infringement and counterfeiting against the Defendants based on their use of the LRG Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods.

37. The Defendants are continuously, directly and contributorily, infringing and counterfeiting and inducing others to infringe and counterfeit the LRG Marks.

38. The Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' Counterfeit Goods bearing the LRG Marks.

39. The Defendants' unlawful actions have caused and are continuing to cause irreparable injury and damages to LRG.

40. The Defendants' above-described illegal actions constitute infringement and counterfeiting of the LRG Marks in violation of LRG's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II – FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

41. LRG hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

42. The Defendants' Counterfeit Goods bearing the LRG Marks have been widely advertised and distributed throughout the United States.

43. The Defendants' Counterfeit Goods bearing and sold under the LRG Marks have been widely advertised and distributed throughout the United States.

44. A significant portion of the Defendants' Counterfeit Goods bearing and sold under the LRG Marks are virtually identical in appearance to LRG's respective genuine goods. However, the Defendants' Counterfeit Goods are different in quality. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods

45. The Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of LRG.

46. The Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by the Defendants are genuine, non-infringing products.

47. The Defendants' above-described actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. As a result of the Defendants' above-described actions, LRG has sustained irreparable injury and damage and the Defendants have earned substantial profits.

## COUNT III – COPYRIGHT INFRINGEMENT

49. LRG hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

50. This is an action for copyright infringement against the Defendants.

51. The Defendants are continuously, directly and contributorily, infringing and will continue to infringe the LRG Copyright at least by copying, selling, advertising, reproducing and placing into a chain of distribution, unauthorized copies or derivations of LRG's copyrighted work in violation of 17 U.S.C. § 501.

52. The Defendants may be knowingly and willfully engaging in the copyright infringement alleged herein for the purpose of profiting therefrom.

53. As a result of the Defendants' above-described actions, LRG has sustained irreparable injury and damage and the Defendants have earned substantial profits.

## PRAYER FOR RELIEF

54. WHEREFORE, LRG demands judgment jointly and severally against the Defendants as follows:

   a. The Court enter a preliminary and permanent injunction enjoining the Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing,

503221.1

counterfeiting, or diluting the LRG Marks and/or LRG Copyright; from using the LRG Marks and/or LRG Copyright or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with LRG; from falsely representing themselves as being connected with LRG, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and/or the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with LRG; from using any reproduction, counterfeit, copy, or colorable imitation of the LRG Marks and/or LRG Copyright in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, apparel products and/or any other goods; from affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to describe or represent the Defendants' goods falsely as being those of LRG, or in any way endorsed by LRG, and from offering such goods in commerce; and from otherwise unfairly competing with LRG.

    b. The Defendants be required to account to and pay LRG for all profits and damages resulting from the Defendants' infringing and counterfeiting activities and that the award to LRG be trebled, as provided for under 15 U.S.C. § 1117, or, at LRG's election with respect to Count I, that LRG be awarded statutory damages from each Defendant in the amount of one million ($1,000,000) dollars per each counterfeit LRG Mark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

    c. The Defendants be required to pay LRG for all damages sustained by LRG in consequence of the Defendants' copyright infringement described above together with

appropriate interest thereon; the Defendants be required to account to LRG for, and disgorge to LRG, and to pay to LRG, all the gains, profits, savings and advantages realized by the Defendants from their acts of copyright infringement descried above; LRG be awarded, at its election, statutory damages within the provisions of Sections 504(c) of the Copyright Act, 17 U.S.C. § 504(c), enhanced to reflect the willful nature of the Defendants' infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorney fees pursuant to 17 U.S.C. § 505.

      d.   LRG be awarded punitive damages.

      e.   LRG be awarded pre-judgment interest on its judgment.

      f.   LRG be awarded at least treble damages as well as its costs and reasonable attorney fees and investigator fees associated with bringing this action.

      g.   LRG be awarded such other and further relief as the Court may deem just and proper.

DATED this 11th day of July 2008.

Respectfully submitted,

**Lifted Research Group, Inc., Plaintiff**

By: */s/ Jason M. Kuzniar*
      One of its attorneys

Jason M. Kuzniar, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602-2412
Tel: 312-704-0550
Fax: 312-704-1522
E-mail: Jason.Kuzniar@wilsonelser.com